UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CEDRIC DECLERCQ, et al.,

                Plaintiffs,

      -against-                         **MEMORANDUM AND ORDER**
                                                   18 CV 39 (CLP)
JEMANYA CORP., et al.,

                Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

        On January 3, 2018, plaintiffs Cedric Declercq and Carlos Eduardo Ornellas de Rosa commenced this action on behalf of themselves and all others similarly situated against defendants Jemanya Corp., d/b/a/ Miss Favela, Angela Denneulin, Alain Denneulin, and Jeremie Carrier (collectively, "defendants"). On July 18, 2018, one additional plaintiff, Kristian Elder, filed a consent-to-join form. Plaintiffs allege violations of the Fair Labor Standards Act's ("FLSA") provisions requiring payment of overtime and minimum wages, 29 U.S.C. § 201 et seq., and violations of the spread-of-hours, wage notice, and wage statement provisions of the New York Labor Law ("NYLL") § 160 et seq. (Compl.[1] ¶¶ 3-4).

        The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement, filed with the Court. (See Sett. Agr.[2]). On November 28, 2018, plaintiffs filed a letter motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). On December 17, 2018, the Court held a fairness hearing on the plaintiffs' motion. For the reasons

---

[1] Citations to "Compl." refer to plaintiff's Complaint dated January 3, 2018, ECF No. 1.

[2] Citations to "Sett. Agr." refer to the Settlement Agreement dated November 28, 2018, ECF No. 23-1.

set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that they were employed as bartenders for defendants' restaurant from 2012 through 2017. (Pls.' Ltr.[3] at 2). Plaintiffs claim that during their period of employment they regularly worked approximately 55 to 55 hours per week and that defendants failed to consistently them one and one-half times their regular rate of pay for all hours worked over 40 per week. (Id.) Plaintiffs also claim that they frequently were paid based entirely from customers' tips with no base hourly wage. (Id.)

The parties propose to settle the case for a total of $145,000. (Id.) Of that amount, plaintiff Declercq is to receive $35,000, plaintiff Ornellas de Rosa is to receive $85,003, and plaintiff Elder is to receive $11,169.40.[4] (See Sett. Agr. at 2-3).

For the reasons set forth below, the Court approves the Settlement Agreement as fair and reasonable.

## DISCUSSION

I.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking

---

[3] Citations to "Pls.' Ltr." refer to plaintiffs' Letter Motion for Settlement Approval dated November 28, 2018, ECF No. 23.

[4] During the fairness hearing, plaintiffs' counsel explained that the amount of the total settlement that each plaintiff is to receive is based upon each plaintiff's pro rata percentage of the total alleged damages at issue in the case.

Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II.     Settlement Amount

The parties propose a total settlement amount of $145,000, for which plaintiffs will receive $96,169.39. (Sett. Agr. at 2-3). In reaching this settlement, plaintiffs wish to avoid the risks and expense of litigation and acknowledge a number of contested factual issues, including records defendants have that may contradict plaintiffs' claims. (Pls.' Mem. at 3). Plaintiffs also contend that defendants' restaurant "is a small, single-location, family-owned business" and that any potentially larger judgment after trial may be difficult to collect. (Id.)

Of the $145,000, plaintiffs' counsel is to receive $48,084.70 in attorney's fees and $745.91 in costs. (Id. at 4). The requested fees represent 33 percent of the total settlement amount. (Id.)

In this case, after supervising this case, including holding a settlement conference, and after holding a fairness hearing and reviewing the plaintiffs' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, and being familiar with the case, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable.

The parties shall file a stipulation of dismissal with prejudice by January 18, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:  Brooklyn, New York
        December 18, 2018

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York